## SCHUMACHER STONE CO v
## TAX COMMISSION et

Ohio Common Pleas, Putnam Co

Decided June 3, 1937

Wm. B. Gitteau, Columbus, and J. J. Labadie, Ottawa, for plaintiff.

Wm. Ford, Columbus, and F. E. Warren, Pros. Atty., Ottawa, for defendants.

## OPINION

By SLABAUGH, J.

This 3rd day of June, 1937, this matter came on to be heard upon the application of the Tax Commission of Ohio, and John F. Klein, auditor of Putnam County, appellees for re-hearing of this case for the sole reason that this court has no jurisdiction to hear this case; that is whether §§5611-1 and 5611-2, GC, as amended 116 O. L. page 123, are, when read together with §5394 GC broad enough in their scope to authorize the Common Pleas Court to review an order of the Tax Commission, such as was made by the commission, and which was complained of by the appellant in this case.

The issue in this case, is whether or not the Tax Commission in denying to the appellant the classification of a manufacturer with respect to machinery and equipment in question is reviewable on appeal by the Common Pleas Court.

The new appellate code became effective January 1, 1936, and the court is of opinion that the ruling of the Tax Commission of Ohio in this case is a final order, under the provisions of §12223-2, GC which defines a final order as follows: "An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be reviewed, affirmed, modified or reversed with or without retrial as provided in this title."

Sec 12223-3, GC, provides that "Every final order, judgment or decree of a court, and when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of probate, etc."

Sec 12223-23, GC, provides that, "A judgment rendered or final order made by a justice of the peace or any other tribunal, board or officer, exercising judicial functions, and inferior to the Common Pleas Court, may be reversed, vacated, or modified by the Common Pleas Court upon an appeal on questions of law."

The appellees contend that under the provisions of §§5611-1 and 5611-2, GC, the question involved, namely that whether or not the appellant was engaged as a manufacturer is not one that can be appealed. §§5611-1 and 5611-2, GC, read as follows:

Sec 5611-1 GC. Valuation by Tax Commission certified to owner and county auditor. "Whenever the Tax Commission of Ohio determines the valuation, or liability, of property for taxation, whether in case of an original valuation or other original proceeding of such board, or in case of a determination of an appeal from the decision of a county board of revision, it shall, by registered mail, certify its action to the person in whose name the property is listed or sought to be listed, at the same time and in the same form in which such action is certified to the county auditor, and such determination shall become final and conclusive for the current year, unless reversed, vacated or modified as hereinafter provided."

Sec 5611-2 GC. Appeal for reversal, vacation or modification; appeal filed, when; certified transcript. "The proceeding to obtain such reversal, vacation, or modification, shall be by appeal to the Common Pleas Court, instituted by the person or persons in whose name the property is listed for taxation, or by any person or official authorized to file a complaint against any valuation or assessment under the provisions of §5609, GC. In case of original proceedings or valuation by the Tax Commission of Ohio, such proceedings shall be instituted in the Common Pleas Court of the county in which the property is located, or

if located in more than one county, then in the county in which the greater amount of the property in question is located as shown by the apportionment of such commission, and in such case the court shall review the determination of the commission as to all the property in each such county and the apportionment of the value thereof. In case of a determination of an appeal from the decision of a county board of revision such proceedings shall be instituted in the Common Pleas Court of the county in which such complaint was originally filed.

"Such appeal shall be filed within thirty days after notice is served as provided in §5611-1 GC by the service and filing of a notice of appeal; and the county auditor of the county in which such appeal is filed, and the Tax Commission of Ohio, shall be made appellees, and, unless waived, notice of appeal shall be served as in other cases, upon such auditor and upon the chairman and clerk of the Tax Commission of Ohio. The Tax Commission shall upon written demand of the person or persons, filing such appeal made at or before the filing thereof, deliver to such person or persons within thirty days thereafter a certified transcript of the final order and the evidence in the proceedings upon which such order is based, which transcript shall forthwith be filed by the appellant with the clerk of the court to which such appeal is taken, and the court may call witnesses and consider other evidence in addition to such transcript in the hearing of such appeal. The prosecuting attorney of the county shall represent the county auditor in such proceeding. Either party shall have the right to appeal on questions of law as in other cases. The court may permit any interested party to intervene by cross appeal. No determination of the Tax Commission as to the value of property for taxation shall be reversed, vacated, or modified unless it is shown by clear and convincing evidence that the value of the property as determined by the Tax Commission is not the true value in money of such property."

The court is of opinion that an appeal may be taken from the decision of the Tax Commission, in which the Tax Commission found that the appellant was not a manufacturer, and the motion for re-hearing of the appellees is therefore overruled. Exceptions allowed.

An entry may be prepared in accordance with this decision.